MARY L. TUCKER *vs.* WAKEFIELD TRUST Co., Admr.

MARCH 31, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

MURDOCK, J. This is an action in assumpsit brought to recover compensation for services rendered to Abbie E. Tucker, defendant's intestate. The case was tried in the Superior Court before a justice thereof and a jury, and a verdict was rendered for the plaintiff in the sum of $2,700. The case is here on defendant's exceptions to the denial of its motion for a directed verdict, to the admission of testimony and to the denial of a motion for a new trial. All the exceptions other than that to the denial of defendant's motion for a directed verdict have been waived.

The plaintiff lived all her life with her mother, the said Abbie E. Tucker, on a farm in South Kingston where plaintiff was born. Her father, the record owner of the farm, died intestate, and no administration was taken out on his estate and no partition of the farm was made among his heirs who—beside the plaintiff — are a son and two daughters. Plaintiff appears to have been self-supporting: she worked for neighbours, braided rugs, did sewing and kept poultry. About 1925, Abbie E. Tucker's health began to fail and she required more and more care, some of which was of a particularly disagreeable character; and this care was given her by her daughter, the plaintiff in this case.

There is testimony that it was the mother's desire to have the farm divided so that the plaintiff would have the southeast quarter on which were located the buildings; that on several occasions she said not only to the plaintiff but to others that the plaintiff was to be paid for her services and that the money with which to pay her was in the bank.

The defendant relies in part on the principle of law that, where the relationship of mother and daughter exists, services are presumed to have been rendered out of love or good will or from a sense of filial duty and not in expectation of financial reward. *Newell* v. *Lawton*, 20 R. I. 307. This rule is subject to the qualification that: "If the circumstances in which the services are rendered are such as to show a reasonable and proper expectation that compensation is to be made, the plaintiff will be entitled to recover." *Fuller* v. *Mowry*, 18 R. I. 424. We think there was sufficient evidence to overcome the presumption. Plaintiff was not required to prove an express contract complete in its terms. If there existed between the plaintiff and her mother an understanding, although indefinite as to its terms, that the former was to have compensation for her services, she may recover the reasonable value of the same.

The defendant's main reliance, in support of its contention that the verdict should have been directed in its favor, was

several letters which the plaintiff wrote to her brother and a sister after her mother's death. There are expressions in these letters, which taken by themselves, imply that the plaintiff's services to her mother were rendered without expectation of financial reward. But, taken as a whole, the letters are open to the interpretation that plaintiff would not present a claim if her brother and sisters would consent to such a division of the estate of her parents as would secure to her the house where she was born and lived all her life. The letters do not warrant the conclusion as a matter of law that the plaintiff's services were rendered gratuitously. This being the case, it was a question for the jury to determine from all the evidence whether there existed between the mother in her lifetime and the plaintiff an understanding that she was to be compensated in some form for her services.

The defendant's exceptions are overruled and the case is remitted to the Superior Court for the entry of judgment on the verdict.

*Benjamin W. Case, Benjamin W. Case, Jr.,* for plaintiff.
*Alfred G. Chaffee,* for defendant.